UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHATARI COLEMAN, | No. 2:13-cv-2564 KJN P |
| Petitioner, | |
| v. | ORDER |
| SOLANO COUNTY DETENTION FACILITY, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has consented to the jurisdiction of the undersigned.

    Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

    Pending before the court is petitioner's amended petition filed January 9, 2014

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §

1

not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the amended petition for writ of habeas corpus, it does not appear that any of petitioner's claims have been presented to the California Supreme Court.  In other words, petitioner has failed to exhaust state court remedies.  Further, there is no allegation that state court remedies are no longer available to petitioner.  In an abundance of caution, the court grants petitioner fourteen days to show cause why this action should not be dismissed for his failure to exhaust state court remedies.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Petitioner motion to proceed in forma pauperis (ECF No. 5) is granted;  and

2.  Petitioner shall show cause within fourteen days why this action should not be dismissed for his failure to exhaust state court remedies; if petitioner does not respond to this order, this action will be dismissed.

Dated:  January 15, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cole2564.ord

---

2254(b)(2).

[2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).