UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHATARI COLEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>SOLANO COUNTY DETENTION FACILITY,<br><br>    Respondent. | No. 2: 13-cv-2564 KJN P<br><br>ORDER |

    Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned. (ECF No. 6.) For the following reasons, this action is dismissed.

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

This action is proceeding on the amended petition filed January 9, 2014. (ECF No. 4.) According to the amended petition, petitioner did not present his claims to the California Supreme Court. The California Court of Appeal is the last state court to have reviewed petitioner's claims.

On January 15, 2014, the court ordered petitioner to show cause within fourteen days why this action should not be dismissed for his failure to exhaust state court remedies. (ECF No. 8.)

On January 28, 2104, petitioner filed a response to the show cause order. (ECF No. 9.) In this response, petitioner states that he understood that he should file his petition in the California Supreme Court after this court ruled on his petition.

As discussed above, petitioner is required to exhaust his claims in state court before coming to federal court. Therefore, petitioner is required to exhaust his claims in the California Supreme Court, the highest state court, before filing a petition in this federal district court. Because petitioner's claims have not been presented to the California Supreme Court, this action is dismissed.[2]

In his response to the show cause order, petitioner also requests that the court send him copies of exhibits B and C attached to his amended petition. The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. In forma pauperis status does not include the cost of copies.

In accordance with the above, IT IS HEREBY ORDERED that this action is dismissed on grounds that the claims are not exhausted.

Dated: January 30, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cole2564.dis

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).